UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV-39-R

JAMETTA ROBINSON *et al.*                                              PLAINTIFFS

v.

CHILD PROTECTIVE SERVICES *et al.*                          DEFENDANTS

## MEMORANDUM OPINION

Plaintiff filed this *pro se* action on behalf of herself and her three minor children, J.H,

C.H., and M.R.  The named defendants are Child Protective Services/Commonwealth of

Kentucky and its employee, Joline Lincicome.  Because Plaintiff is proceeding *in forma*

*pauperis*, the Court must review Plaintiff's case in accordance with 28 U.S.C. § 1915(e).  For the

reasons set forth below, the Court will dismiss this action.

## I.  SUMMARY OF CLAIMS

Plaintiff used a court-supplied general complaint form to initiate this lawsuit.  Under the

section of the form directing Plaintiff to state the grounds for filing her case in federal court

(including any federal and/or U.S. Constitutional provisions), Plaintiff states:  "Discrimination-

because I am black, I feel this is the reason discrimination has occurred."  Plaintiff explains the

basis of her suit as follows:

> Discrimination because I was black, CPS (Ms Lincicome) has been harassing my
> children and trying to make them say things that are not true, and when my children
> would not lie to them, she got upset and said the allegations are true on me, when she
> had already stated several different stories of the day of the allegations.  She went to
> there school asking my children questions that do not pertain to the case.  When I
> asked why is she not asking them questions pertaining to the allegations, her response
> was "I am not going to ask them about the allegations neither."  And she did not
> investigate.  She told me she did not want to see any evidence that I have to prove my
> case.

In her prayer for relief, Plaintiff seeks money damages, punitive damages, pain and suffering, and "quit coming to schools."

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action.  28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth,* 114 F.3d 601, 604-05 (6th Cir. 1997) Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).  In reviewing a complaint under this standard, the Court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519 (1972).  The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979)(citation omitted), and the Court

is not required to create a claim for the *pro se* Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**A.     Jametta Robinson**

The crux of the complaint concerns allegations of harassment of Plaintiff Robinson's minor children while they are at school.  Plaintiff Robinson, however, has failed to provide any details explaining how Defendants have violated her rights or otherwise caused her any harm.  She broadly alleges "discrimination" but again fails to provide any details or casual connection between herself and Defendants in relation to this discrimination or allege how she has been treated differently than other similarly situated persons.  The complaint is therefore factually insufficient with respect to any of Plaintiff Robinson's own claims, and those claims must be dismissed.

In addition to being factually deficient, the Court also notes that the complaint is legally deficient to the extent it seeks monetary relief from the Child Protective Services, an agency of the Commonwealth of Kentucky, and any of its employees in their official capacities.[1]  The

---

[1]Plaintiff fails to specify in which capacity she sues Defendant Lincicome.  It is a plaintiff's affirmative duty, however, to plead capacity.  *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989). When a plaintiff fails to affirmatively plead capacity in the complaint, we then look to the "course of proceedings" to ascertain whether the defendant has been notified of the potential for individual liability.  *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001). In the present case, the complaint is devoid of any indication that Defendant Lincicome is sued in her individual capacity.

3

Eleventh Amendment of the United States Constitution provides:   "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any foreign State."   U.S. Const. amend. XI.   Accordingly, by the clear language of the Amendment, a lawsuit against a state cannot proceed in federal court.   The Supreme Court has also ruled that the Eleventh Amendment bars suits not only against the state but also against a state's departments, regardless of the type of relief sought, whether injunctive, declaratory, or monetary.   *Pennhurst v. State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100-01 (1984); *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 58-59 (1996); *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) (holding that neither a state nor its agencies are "persons" susceptible to being sued under 42 U.S.C. § 1983).   The Sixth Circuit has adopted this approach.   *See Dubuc v. Mich. Bd. of Law Exam'rs,* 342 F.3d 610, 615 (6th Cir. 2003) (holding that Michigan Board of Bar Examiners and Michigan Bar are state agencies because they are arms of the Michigan Supreme Court; therefore, they are entitled to Eleventh Amendment immunity from suit in federal court).   The same bar applies to Plaintiff's official capacity claims against Defendant Lincicome.   When an officer or employee of a governmental agency is sued in his representative capacity, the officer's or employee's actions are afforded the same immunity, if any, to which the agency, itself, would be entitled.   *Richardson v. Bd. of Educ.*, No. 3:04-CV-386R, 2006 U.S. Dist. LEXIS 68748 (W.D. Ky. Sept. 22, 2006) (citing *Will*, 491 U.S. at 67).   Thus, like Child Protective Services, Defendant Lincicome has absolute immunity under the Eleventh

---

 Accordingly, the Court construes the complaint is brought against Defendant Lincicome in her official capacity only.

4

Amendment to the United States Constitution.  *See  Kentucky v. Graham*, 473 U.S. 159, 169

(1985)("This [Eleventh Amendment] bar remains in effect when State officials are sued for

damages in their official capacity.").  Thus, in addition to being factually deficient, Plaintiff

Robinson's claims against Child Protective Services and its employee are also legally deficient.

**B.    Minor Children**

"Although 28 U.S.C. § 1654 provides that 'in all courts of the United States the parties

may plead and conduct their own cases personally or by counsel,' that statute does not permit

plaintiffs to appear *pro se* where interests other than their own are at stake."  *Shepherd v.*

*Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir.

1998)("In federal court a party can represent himself or be represented by an attorney, but cannot

be represented by a nonlawyer."); *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d

Cir. 1991)(advising that § 1654 "'does not allow for unlicensed laymen to represent anyone else

other than themselves'")(citation omitted).  Consequently, "parents cannot appear *pro se* on

behalf of their minor children because a minor's personal cause of action is her own and does not

belong to her parent or representative."  *Shepherd v. Wellman*, 313 F.3d at 970 (citing *Cheung v.*

*Youth Orchestra Found of Buffalo, Inc.*, 906 F. 2d 59, 61 (2d Cir. 1990));[2] *Meeker v. Kercher*,

782 F.2d 153, 154 (10th Cir. 1986)(holding, in a § 1983 action, that "under Fed. R. Civ. P. 17(c)

---

[2]In *Cheung*, a federal civil rights case, the Second Circuit observed,

 It goes without saying that it is not in the interests of minors or incompetents that
they be represented by non-attorneys. Where they have claims that require
adjudication, they are entitled to trained legal assistance so their rights may be fully
protected. There is nothing in the guardian-minor relationship that suggests that the
minor's interests would be furthered by representation by the non-attorney guardian.

*Id.* at 61.

5

and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney").

For these reasons, Jametta Robinson, an unrepresented parent, cannot bring this action on behalf of her minor children without legal representation.  Therefore, the claims asserted on behalf of the minor children will be dismissed without prejudice.  Should Robinson wish to pursue any claims one behalf of her minor children, she must obtain counsel.[3]

The Court will enter a separate order consistent with this memorandum opinion.

Date:


cc:      Plaintiff, *pro se*
         Defendants
4413.008

---

[3]Robinson did not request appointment of counsel in this civil action, and the Court is under no obligation to make such a request *sua sponte*.  28 U.S.C. § 1915(e)("The court *may* request an attorney to represent any person unable to afford counsel.")(emphasis added).

6